IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ROTATABLE TECHNOLOGIES LLC,**<br><br>    **Plaintiff**<br><br>vs.<br><br>**NOKIA INC., ET AL.,**<br><br>    **Defendant.** | Civil Action No. 2:12-cv-265-JRG<br><br>JURY TRIAL DEMANDED<br><br>CONSOLIDATED CASE |

**STIPULATION AND JOINT MOTION TO ENTER FINAL JUDGMENT**

Plaintiff Rotatable Technologies LLC ("Rotatable") and Defendant Motorola Mobility LLC ("Mobility"), by their undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, as follows:

1. This is a patent infringement action brought by Rotatable against Mobility and others. In response, Mobility asserted affirmative defenses for invalidity and non-infringement.

2. This Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3. The patent-in-suit is United States Patent No. 6,326,978 ("the '978 patent"). Rotatable asserts that it is the owner by assignment of the '978 patent, with all substantive rights in and to that patent.

4. The '978 patent is entitled "Display Method For Selectively Rotating Windows On A Computer Display."

5. In its infringement contentions, Rotatable's allegations of infringement "include, but are not limited to" the following Mobility products (the "Accused Products"), which

Rotatable accuses of infringing claims 9, 11, 13, 14, 16, and 18 (the "Asserted Claims") of the '978 patent:

- **Android Smart Phones**: Atrix HD; Atrix; Atrix 2; Backflip; Bravo; Charm; Citrus; Cliq; Cliq 2; Cliq XT; Defy; Deft XT; Devour; Droid; Droid Bionic; Droid Pro; Droid Razr; Droid Razr HD; Drad Razr M; Droid Razr Maxx; Droid Razr Maxx HD; Droid 2; Droid 2 Global; Droid 3; Droid 4; Droid X; Droid X2; i1; i867; Flipside; Flipout; Milestone; Milestone Max; Milestone Plus; Milestone X; Milestone X2; Milestone XT720; Motorola Admiral; Motorola Electrify; Motorola Electrify 2; Motorola Electrify M; Motorola Photon 4G; Motorola Photon Q 4G LTE; Motorola Titanium; Motorola Triumph; Motorola XPRT; Sprice-XT300; XT886.

- **Android Tablets**: Motorola Xyboard 10.1; Motorola Xyboard 8.2; Motorola Xoom; Droid Xyboard 10.1; Droid Xyboard 8.2.

6. On August 2, 2013, the Court entered a Memorandum Opinion and Order on claim construction (the "Claim Construction Order") in the above-captioned case construing certain disputed terms in the Asserted Claims of the '978 patent.

7. The Court's Claim Construction Order determined that claim 14 and its dependent claims (*i.e.*, claims 16 and 18) are invalid for indefiniteness "because no corresponding structure is disclosed in support of the 'means for determining a rotation point' limitation."

8. The Court's Claim Construction Order also determined that the preamble term "selectively rotating" is a limitation of all of the Asserted Claims.

9. The Court's Claim Construction Order defines (1) the term "selectively rotating a

computer display window" as "rotating a computer display window such that any angle of orientation may be chosen," and (2) the term "rotating the window about the rotation point at the discretion of the user" as "at the user's determination, turning the window in a circular path about a rotation point."

10.     For purposes of this stipulation and any resulting appeal only, the parties stipulate and agree that under the Court's Claim Construction Order, Rotatable cannot prevail on the issue of infringement of the Asserted Claims either literally or by equivalents, on at least two separate and independent grounds:

    a. Rotatable cannot prove that any Mobility Product[1] practices the limitation of "selectively rotating a computer display window," as construed by the Court, because the Mobility Products do not permit "rotating a computer display window such that any angle of orientation may be chosen" (*e.g.* because the Mobility Products are incapable of displaying information on the screen at any angle other than either for portrait viewing or landscape viewing); and

    b. Rotatable cannot prove that any Mobility Product practices the limitation of "rotating the window about a rotation point at the discretion of the user," as construed by the Court, because the Mobility Products do not contain windows that turn "in a circular path about a rotation point."

11.     The parties further stipulate and agree that under the Court's Claim Construction Order, Rotatable also cannot prevail on the issue of infringement of claim 14 and its dependent claims, for at least the reason that the Court determined that those claims are invalid for

---

[1] "Mobility Product(s)" refers to the Accused Products and all other Mobility mobile phones and tablets previously and currently made, used, sold, offered for sale in, or imported into the United States that run the Android operating system.

indefiniteness based on the '978 patent's lack of disclosure of any corresponding structure in support of the "means for determining a rotation point" limitation.

12. Therefore, in view of the Court's Claim Construction Order with respect to the terms "selectively rotating a computer display window," "rotating the window about the rotation point at the discretion of the user," and "means for determining a rotation point" and the bases set forth in paragraphs 10 and 11, the parties stipulate and agree to the entry of a stipulated judgment of non-infringement with regard to the application of the Asserted Claims (as construed in the Court's Claim Construction Order) to the Mobility Products.

13. The parties further stipulate and agree that Mobility's unadjudicated affirmative defenses asserted in Mobility's answer dated August 10, 2012, are dismissed without prejudice. This stipulation of dismissal without prejudice is made subject to Mobility's reservation of rights to reassert the foregoing affirmative defenses and counterclaims should any of Rotatable's infringement claims regarding the '978 patent be revived for any reason (including, but not limited to, modification of the Court's claim constructions on appeal). Mobility expressly reserves the right to contend that Rotatable has waived any claims of indirect infringement against Mobility should Rotatable later attempt to assert any such claims.

14. Rotatable enters into this stipulation without prejudice to its ability to appeal the Court's Claim Construction Order, including the construction of the terms "selectively rotating a computer display window," "rotating the window about the rotation point at the discretion of the user," and "means for determining a rotation point." Moreover, if judgment is not affirmed on any appeal and this matter is remanded, the parties reserve all rights to assert and/or challenge the court's modified claim construction and application of any or all of the claim limitations, either in this matter or a separate matter.

15. This Stipulation and Final Judgment is entered without prejudice to any rights parties have post-judgment and/or the parties' rights to appeal any other aspect of the Court's ruling preceding the Stipulated Order of Dismissal and Final Judgment, as well as future orders issued by the Court.

16. The parties further stipulate that each party should bear its own fees and costs, including attorneys' fees, incurred in this action to date.

Dated: September 11, 2013

By: /s/ Hao Ni

Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Ni, Wang & Associates, PLLC
8140 Walnut Hill Ln., Ste. 310
Dallas, TX 75231
Telephone: 972.331.4600
Fax: 972.314.0900

**ATTORNEYS FOR PLAINTIFF
ROTATABLE TECHNOLOGIES LLC**

Respectfully submitted,

By: /s/ Roderick Thompson

Roderick M. Thompson (CA SBN 96192)
rthompson@fbm.com
Eugene Mar (CA SBN 227071)
emar@fbm.com
Daniel C. Callaway (CA SBN 262675)
dcallaway@fbm.com
Cathleen G. Garrigan (CA SBN 254300)
cgarrigan@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
(903) 597-8311
(903) 593-0846 – fax

**ATTORNEYS FOR DEFENDANT
MOTOROLA MOBILITY LLC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 11th day of September, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      /s/ *Timothy T. Wang*
      Timothy T. Wang