IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ROTATABLE TECHNOLOGIES LLC,**<br><br>Plaintiff<br><br>vs.<br><br>**NOKIA INC., ET AL.,**<br><br>Defendant. | Civil Action No. 2:12-cv-265-JRG<br><br>CONSOLIDATED CASE |

### FINAL JUDGMENT

Pursuant to the Stipulation and Joint Motion for Entry of Final Judgment ("Stipulation"), the Court HEREBY ORDERS as follows:

1. This is a patent infringement action brought by Rotatable Technologies LLC ("Rotatable") against Defendant Apple Inc. ("Apple") and others. In response, Apple asserted affirmative defenses and counterclaimed for declaratory judgments of invalidity and non-infringement.

2. This Court has jurisdiction over the claims and counterclaims in this action pursuant to 28 U.S.C. §§ 1331, 1338, and 2202.

3. The patent-in-suit is United States Patent No. 6,326,978 ("the '978 patent"). Rotatable asserts that it is the owner by assignment of the '978 patent, with all substantive rights in and to that patent.

4. The '978 patent is entitled "Display Method For Selectively Rotating Windows On A Computer Display."

5. In its infringement contentions, Rotatable's allegations of infringement "include, but are not limited to" the following Apple products (the "Accused Products"), which Rotatable

alleges infringe claims 9, 11, 13, 14, 16, and 18 (the "Asserted Claims") of the '978 patent: iPhone 3G, iPhone 3GS, iPhone 4, and the iPhone 4S, iPad, the iPad 2, and the iPad (Third Generation)

6. On August 2, 2013, the Court entered a Memorandum Opinion and Order on claim construction (the "Claim Construction Order") in the above-captioned case construing certain disputed terms in the Asserted Claims of the '978 patent.

7. The Court's Claim Construction Order determined that claim 14 and its dependent claims (*i.e.*, claims 16 and 18) are invalid for indefiniteness "because no corresponding structure is disclosed in support of the 'means for determining a rotation point' limitation."

8. The Court's Claim Construction Order also determined that the preamble term "selectively rotating" is a limitation of all of the Asserted Claims.

9. The Court's Claim Construction Order defines (1) the terms "computer display window" and "window" as "a GUI displayable on a monitor or a screen," (2) the term "selectively rotating a computer display window" as "rotating a computer display window such that any angle of orientation may be chosen," and (3) the term "rotating the window about the rotation point at the discretion of the user" as "at the user's determination, turning the window in a circular path about a rotation point."

10. The parties stipulate and agree that under the Court's Claim Construction Order, Rotatable cannot prevail on the issue of infringement of the Asserted Claims, either literally or by equivalents, on at least two separate and independent grounds:

(1) Apple Products[1] do not and cannot "selectively rotate[ing] a computer display window," as construed by the Court, because the Apple Products do not permit "rotating a computer display window such that any angle of orientation may be chosen" (*e.g.* because the Apple Products are incapable of displaying information on the screen at any angle other than for either portrait viewing or landscape viewing); and

(2) Apple Products do not and cannot "rotate[ing] the window about the rotation point at the discretion of the user," as construed by the Court, because the Apple Products do not contain windows that turn "in a circular path about a rotation point."

11. The parties further stipulate and agree that under the Court's Claim Construction Order, Rotatable also cannot prevail on the issue of infringement of claim 14 and its dependent claims, for at least the reason that the Court determined that those claims are invalid for indefiniteness based on the '978 patent's lack of disclosure of any corresponding structure in support of the "means for determining a rotation point" limitation.

12. Therefore, in view of the Court's Claim Construction Order with respect to the terms "selectively rotating a computer display window," "rotating the window about the rotation point at the discretion of the user," and "means for determining a rotation point" and the bases set forth in paragraphs 10 and 11, the parties stipulate and agree to the entry of a stipulated judgment of non-infringement with regard to the application of the Asserted Claims (as construed in the Court's Claim Construction Order) to the Apple Products.

13. Apple's unadjudicated affirmative defenses and counterclaims asserted in Apple's answer and counterclaims, dated August 10, 2012, are dismissed without prejudice. This

---

[1] "Apple Product(s)" refers to the Accused Products and all other Apple mobile phones and tablets previously and currently made, used, sold, offered for sale in, or imported into the United States that run the iOS operating system.

dismissal without prejudice is made subject to Apple's rights to reassert the foregoing affirmative defenses and counterclaims should any of Rotatable's infringement claims regarding the '978 patent be revived for any reason (including, but not limited to, modification of the Court's claim constructions on appeal and to contend that Rotatable has waived any claims of indirect infringement against Apple should Rotatable later attempt to assert any such claims.

14. This Final Judgment is without prejudice to Rotatable's ability to appeal the Court's Claim Construction Order, including the construction of the terms "selectively rotating a computer display window," "rotating the window about the rotation point at the discretion of the user," and "means for determining a rotation point." Moreover, if judgment is not affirmed on any appeal and this matter is remanded, the parties reserve all rights to assert and/or challenge the court's modified claim construction and application of any or all of the claim limitations, either in this matter or a separate matter.

15. This Final Judgment is entered without prejudice to any rights parties have post-judgment and/or the parties' rights to appeal any other aspect of the Court's ruling preceding the Stipulated Order of Dismissal and Final Judgment, as well as future orders issued by the Court.

16. Accordingly, the Court enters this Final Judgment in favor of Apple on Rotatable's claim for infringement of the '978 patent as set forth in Rotatable's complaint.

17. The parties further stipulate that each party should bear its own fees and costs, including attorneys' fees, incurred in this action to date.

**So ORDERED and SIGNED this 18th day of September, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE